**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

VIVEK SHAH,               )
                                  )
           **Movant,**       )
                                    )
**v.**                           )         **CIVIL ACTION NO. 5:15-07542**
                                  )         **(Criminal No. 5:12-00172)**
**UNITED STATES OF AMERICA,**   )         **(Criminal No. 5:13-00127)**
                                  )
           **Respondent.**    )

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on June 10, 2015.[1] (Document Nos. 105-1 and 109.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 118.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 127.)

**FACTUAL AND PROCEDURAL BACKGROUND**

A     **Criminal Action Nos. 5:12-00172 and 5:13-00127:**

On May 9, 2013, Movant pled guilty to Count Two of the Superseding Indictment in Criminal Action No. 5:12-00172 and Counts One through Seven of the Indictment in Criminal

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Action No. 5:13-00127. (Criminal Action No. 5:12-00172, Document Nos. 82, 84 - 85 and Criminal Action No. 5:13-00127, Document Nos. 6 - 9.) Specifically, Movant pled guilty to one count of Transmitting in Interstate Commerce a Threat with Intent to Extort in violation of 18 U.S.C. § 875(b) (Criminal Action No. 5:12-00172, Count 2); and seven counts of Mailing Threatening Communications in violation of 18 U.S.C. § 876(b) (Criminal Action No. 5:13-00127, Counts 1 - 7). (Id.) Movant was sentenced on September 11, 2013. (Criminal Action No. 5:12-00172, Document Nos. 92, 95 and Criminal Action No. 5:13-00127, Document Nos. 13, 16.) The District Court ordered that Movant serve a total term of 87 months of incarceration to be followed by a three-year term of supervised release. (Id.) The District Court also imposed a $800 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

**B.      Section 2255 Motion (Civil Action No. 5:15-07542):**

On June 10, 2015, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Declaration in Support, and Memorandum in Support. (Civil Action No. 5:15-07542, Document Nos. 105-1, 105-3, 105-4, 109, 111, and 112.) As grounds for *habeas* relief, Movant argues as follows: (1) Movant's "conviction was obtained in violation of Due Process;" (2) Movant's "conviction was obtained in violation of Fed. R. Crim. P. 11(b);" (3) Movant is innocent; and (4) Movant "was rendered ineffective assistance of counsel." (Id., pp. 4 - 8.) First, Movant argues that conviction was obtained in violation of the due process based upon Elonis v. United States, ___ U.S. ___, 135 S.Ct. 2001, 192 L.Ed.2d 1 (2015). (Id., Document No. 105-4, pp. 1 - 5.) Movant states that in Elonis, the United States Supreme Court "ruled that with respect to the element of threat, the

2

means rea or 'the mental state requirement must apply to the fact that the communication contains a threat,' and that '[18 U.S.C. § 875(c)]'s mental state requirement is satisfied if the defendant transmits a communication for the purpose of issuing a threat or with knowledge that the communication will be viewed as a threat." (Id., p. 1.) Movant complains that when he "was convicted, none of the courts or circuits had held that the threat element of the statute required proof or admission of any type of mental state." (Id.) Movant states that the Fourth Circuit applied "an objective standard – that is, whether an ordinary, reasonable person who is familiar with the context of the communication would interpret it as a threat of injury." (Id., pp. 1 - 2.) Movant concludes that "due to the Supreme Court's unforeseeable change in law, significantly changing this Circuit's established precedent by shifting the necessary proof required of the threat element from that of no mental state threat to a purposeful or knowingly threat, [Movant's] plea was not made knowingly, intelligently, and voluntarily." (Id., p. 2.) Movant states that he "never admitted to purposefully or knowingly threatening the victims in his criminal case." (Id., pp. 3 - 4.)

Second, Movant argues that his conviction was obtained in violation of Rule 11(b) of the Federal Rules of Criminal Procedure because the elements of the charges were not explained to Movant. (Id., pp. 5 - 6.) Specifically, Movant contends that his plea was not made knowingly because he was not appropriately advised that intent was an element of the charge. (Id.)

Third, Movant asserts that he is innocent because he "neither knew that the communication would be viewed as a threat, nor was it his purpose to issue a threat." (Id., pp. 6 - 7.) Since there was no admission or proof of the mental state of the threat element, Movant argues that is conviction is invalid. (Id.) Movant explains that he did not "admit to any mental

3

state for the threat element of the plea colloquy, and the government did not offer any proof of [Movant's] mental state." (Id.) Movant further states that he "informed the Court that the letter demanding money, which he mailed to the victims, declared an intention to return the money." (Id., p. 7.) Thus, Movant contends that he "did not intend *permanently* to deprive the [victims] of [their] possession of money (failing to satisfy 'specific intent')." (Id.)

Finally, Movant argues that counsel was ineffective. (Id., p. 8.) Movant contends that trial counsel's performance was deficient for two reasons: (1) "If the Court does not find any ground upon which this [Section 2255] Motion would be granted, then counsel clearly provided [Movant] incorrect advice;"[2] and (2) "Counsel should have objected at the plea colloquy that [Movant] had never admitted to knowingly or purposefully sending a threat to anyone." (Id.) Movant explains that "[i]f there was no proof of knowledge or purpose of the threat being transmitted, then no competent defendant would plead guilty to a crime he never committed." (Id.) Movant argues that "[b]ut for these errors, [Movant] would have not pleaded guilty." (Id.)

On October 13, 2015, Movant filed his Motion to Invalidate Plea Agreement and Brief in Support. (Id., Document Nos. 120 and 121.) Citing Elonis, Movant requests that the Court "void the plea agreement" because "the purpose of the agreement has been frustrated" and there was a "mutual mistake." (Id.) Movant appears to argue that after Elonis, there is no adequate factual basis to support his conviction and sentence. (Id.) Movant further argues that the parties were mistaken that "[Movant] had violated §§ 875(b) & 876(b)." (Id.) Movant, therefore, requests that the Court invalidate the plea agreement. (Id.) Also on October 13, 2015, Movant filed his Motion

---

[2]  Movant contends that trial counsel advised him that he should file a Section 2255 Motion challenging his conviction "if the Supreme Court found that proof of specific intent to threaten was required." (Document No. 105-3.)

for Summary Judgment. (Document No. 122.)

On January 7, 2016, Movant filed his "Supplement to Motion to Invalidate Plea Agreement." (Id., Document No. 128.) Citing United States v. White, 2015 U.S. App. LEXIS 18055 (4th Cir. Oct. 19, 2015), Movant argues that the Fourth Circuit "invalidated a plea agreement based on the principles of contract law." (Id.) Movant continues to argue that there was a mutual mistake as "to the essential elements of the statutes – namely, the requisite mens rea for the threat element – as that element was interpreted by the Supreme Court after entry of the plea." (Id.)

On February 26, 2016, Movant filed a "Supplemental Brief in Support of Motion Under 28 U.S.C. § 2255." (Id., Document No. 130.) Specifically, Movant argues that he is innocent based upon Elonis. (Id.) Since Movant claims he is innocent, Movant contends that his sentence is in violation of the Eighth Amendment, Fifth Amendment, Tenth Amendment, and the Necessary and Proper Clause. (Id.)

On May 5, 2016, Movant filed his "Second Supplemental Brief in Support of Motion to Invalidate Plea Agreement." (Id., Document No. 136.) Movant states that he is filing his second supplemental "because he has just discovered a decision of the Fourth Circuit Court of Appeals, United States v. White, 2016 U.S. App. LEXIS 183, No. 14-4375 (4th Cir. 2016)." (Id.) Although Movant claims that Elonis should be applied retroactively, Movant argues that "White is not retroactively applicable." (Id., Document No. 136-1.) Movant argues that the Court should not consider White because the "judicial construction of the 'intent to extort' element has the effect of an ex post facto law as-applied to [Movant's] conviction and hence denies him right of fair

warning under Due Process Clause."[3] (Id.)

On August 24, 2016, Movant filed his "Supplemental Declaration in Support of Motion Under § 2255." (Id., Document No. 138.)

## ANALYSIS

1.    **Section 2255:**

A.    **Timeliness.**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)    the date on which the judgment of conviction becomes final;

---

[3]    Article I, Section 9, Clause 3 of the United States Constitution states that "[n]o Bill of Attainder or ex post facto Law shall be passed." An ex post facto law is defined as the following: (1) "Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action;" (2) "Every law that aggravates a crime, or makes it greater than it was when committed;" (3) "Every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime, when committed;" and (4) "Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." *Peugh v. United States*, ___ U.S. ___, 133 S.Ct. 2072, 2081, 186 L.Ed.2d 84 (2013)(citations omitted). For a law to ex post facto, two critical elements must be present: (1) "it must be retrospective, that is, it must apply to events occurring before its enactment;" and (2) 'it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). A law is retrospective if it changes the legal consequences of acts completed before its effective date. An offender is disadvantaged by "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *See Weaver*, 450 U.S. at 28, 101 S.Ct. at 964. Clearly, the Fourth Circuit's decision in *White* did not impose a punishment for an act that was not punishable at the time it was committed or impose "additional punishment to that then prescribed." In *White*, the Fourth Circuit merely interpreted the elements of statutes already enacted. Furthermore, the Fourth Circuit did not make any modifications of the required elements as to the statutes underlying Movant's convictions (violations of 18 U.S.C. §§ 875(b) and 876(b)).

6

(2)     the date on which the impediment to making the motion created by
        government action in violation of the Constitution or laws of the United
        States is removed, if movant was prevented from making a motion by such
        government action;

(2)     the date on which the right asserted was initially recognized by the
        Supreme Court, if that right has been newly recognized by the Supreme
        Court and made retroactively applicable to cases on collateral review; or

(3)     the date on which the facts supporting the claim or claims presented could
        have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

Movant's Judgment Order was entered on September 13, 2013, and his sentence became final 14 days later when he did not file a Notice of Appeal (September 27, 2013). On June 10, 2015, nearly nine months after the one-year period expired, Movant filed the instant Motion raising issues challenging his convictions and sentences in Criminal Action Nos. 5:12-00172 and 5:13-00127. (Civil Action No. 5:15-07542, Document Nos. 105-1, 105-3, 105-4, 109, 111, and 112.) Movant's Motion is clearly untimely unless one of Section 2255(f)'s other subsections applies.

In the instant case, Movant argues that Section 2255(f)(3) applies because the United States Supreme Court recognized a new right in Elonis v. United States, ___ U.S. ___, 135 S.Ct. 2001, 192 L.Ed.2d 1 (2015).[4] Movant argues that "since the decision in Elonis is a substantive

---

[4]  The undersigned notes that all grounds asserted in Movant's Section 2255 Motion appear to be predicated upon the United States Supreme Court's decision in *Elonis*. Accordingly, the undersigned will consider whether Movant's claims are timely under Section 2255(f)(3). To the extent Movant is not relying upon *Elonis* concerning all grounds asserted in his Section 2255 Motion, Movant claims are clearly untimely. The statute of limitations is applied on a claim-by-claim basis. *Zack v. Tucker*, 704 F.3d 917, 920 (11th Cir. 2013)(en banc)(the one-year statute of limitation in Section 2244(d)(1) applies on a claim-by-claim basis); *Whiteside v. United States*, 775 F.3d 180, 183 n. 2 (4th Cir. 2014)(en banc)("The statute of limitations provisions in AEDPA under 28 U.S.C. § 2244(d)(1)(A) - (D) and 28 U.S.C. § 2255(f)(1) - (4) are

rule, it applies retroactively to [Movant] in this instant case." (Id.) When a movant wishes to make a claim based on a decision by the United States Supreme Court after his conviction becomes final, the movant must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 308, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). Specifically, to obtain the benefit of the limitations period stated in Section 2255(f)(3), a movant must establish the following: "(1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review;' and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012). The undersigned, however, finds it is unnecessary to address whether Elonis announced a new rule that applies retroactively to cases on collateral review because Elonis is inapplicable to Movant's case.

In Elonis, the United States Supreme Court held that a jury instruction requiring only negligence with respect to the communication of a threat, is not sufficient to support a conviction under 18 U.S.C. § 875(c). Elonis, 135 S.Ct. at 2003. Specifically, the Supreme Court overturned Mr. Elonis's conviction for violating Section 875(c) because the jury was improperly instructed that in order to convict the defendant, the jury only needed to find that a "reasonable person" would have viewed the defendant's communications as threats. Id. at 2012. The Supreme Court

---

in all material respects identical.") When analyzing a "new right" under Section 2255(f)(3), the time limitation applies to that singular right. *DeCoteau v. Schweitzer*, 774 F.3d 1190, 1192 (8th Cir. 2014)(noting that the limitations period would have little to no significance if "[a] defendant, by filing one timely claim, could resurrect previously time-barred claims - - a result the drafters did not intend."); *also see Zack*, 704 F.3d at 924-25(A movant may not use a single, timely claim to present other time-barred claims.); *Capozzi v. United* States, 768 F.3d 32, 33 (1st Cir. 2014)("[W]e hold that the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis.")

reasoned that unlike Section 875(b), which requires an "intent to extort," Section 875(c) lacked any express mental state. Id. at 2008 - 09. The Supreme Court explained, however, that the fact that a statute does not identify any required mental state does not mean that one should not exist. Id. at 2009("We have repeatedly held that the 'mere omission from a criminal enactment of any mention of criminal intent' should not be read 'as dispensing with it.'")(citations omitted). In reviewing Section 875(c), the Supreme Court determined that "the crucial element separating legal innocence from wrongful conduct is the threatening nature of the communication." Id. at 2011. The Supreme Court concluded that having criminal liability to turn on whether a reasonable person views a communication as a threat, without consideration of the defendant's intent, is erroneous because it "reduces culpability on the all-important element of the crime to negligence." Id. at 2011-12(quotations omitted).

In his Section 2255 Motion, Movant argues that his convictions for violating 18 U.S.C. §§ 875(b) and 876(b) are invalid based upon Elonis. The undersigned, however, finds that Elonis is clearly inapplicable to Movant's case. First, a review of the Elonis decision reveals that the Supreme Court failed to establish any new rule affecting Movant's conviction under Section 876(b).[5] Second, a thorough review of the Elonis decision further reveals that Supreme Court failed to establish a new rule affecting Movant's conviction under Section 875(b). Although the Supreme Court clearly held that a defendant's mental state was an element of Section 875(c), the Supreme Court did not recognize a new right concerning a conviction under Section 875(b). In United States v. White, 810 F.3d 212 (4th Cir. 2016), the Fourth Circuit recognized that "*Elonis* abrogates our prior holding that liability under § 875(c) can turn solely on how a recipient would

---

[5]   Similar to Section 875(b), Section 876(b) requires an "intent to extort." 18 U.S.C. § 876(b).

interpret a statement, without regard to whether the speaker intended it as a threat." <u>United States v. White</u>, 810 F.3d 212, 220 (4th Cir. 2016), <u>cert. denied</u>, ___ U.S. ___, 136 S.Ct. 1833, 194 L.Ed.2d 837 (2016). The Fourth Circuit, however, determined that "*Elonis* does not affect our constitutional rule that a 'true threat' is one that a reasonable recipient familiar with the context would interpret as a serious expression of an intent to do harm." <u>Id.</u> Thus, the Fourth Circuit determined that after <u>Elonis</u>, a conviction pursuant to Section 875(c) now requires the following: "(1) that the defendant knowingly transmitted a communication in interstate or foreign commerce; (2) that the defendant subjectively intended the communication as a threat;[6] and (3) that the content of the communication contained a 'true threat' to kidnap or injure."[7] <u>Id.</u> at 220-21.

The Fourth Circuit, however, rejected defendant's challenge to his Section 875(b) conviction based upon <u>Elonis</u>. <u>Id.</u> at 223-24. Concerning defendant's Section 875(b) conviction, the Fourth Circuit held that the district court did not err in failing to instruct the jury, consistent with <u>Elonis</u>, that defendant intended the communications to be extortionate threats, or knew or recklessly disregarded that the communication would be perceived as extortionate threats. <u>Id.</u> at 223. The Fourth Circuit explained that similar to Section 875(c), Section 875(b) "prohibits the transmission in interstate or foreign commerce of threats to kidnap or injure." <u>Id.</u> Importantly,

---

[6] "To prove the second element, the Government, consistent with *Elonis*, must establish that the defendant transmitted the communication 'for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat,' or, perhaps, with reckless disregard for the likelihood that the communication will be viewed as a threat." *White*, 810 F.ed at 221(citing *Elonis*, 135 S.Ct. at 2012-13.)

[7] To prove the third element, "in keeping with our prior cases, the prosecution must show that an ordinary, reasonable receipt who is familiar with the context in which the statement is made would interpret it as a serious expression of an intent to do harm." *White*, 810 F.3d at 221(citations omitted).

10

however, Section 875(b) "also requires the threatening communication to be sent 'with intent to extort from any person, firm, association, or corporation, any money or other thing of value.'" Id. The Fourth Circuit, therefore, stated as follows:

> [W]e hold that the intent to extort for purposes of § 875(b) is the intent to procure something of value through the use of a wrongful threat to kidnap or injure the person of another. Such a threat is wrongful when delivered intentionally. *Cf. Elonis*, 135 S.Ct. at 2012-13. But this helps Appellant not at all, because it would be passing strange, indeed impossible, for a defendant to intend to obtain something by communication such a threat without also intending, understanding, or possibly, recklessly disregarding that the communication would be perceived as threatening, as *Elonis* requires. The reason is straightforward: Extortion only works if the recipient of the communication fears that not paying will invite an unsavory result. Thus, to intend to extort one must necessarily intent to instill fear of harm (for purposes of § 875(b), in the form of kidnapping or physical injury). In other words, the intent to carry out an unlawful act by use of a threat necessarily subsumes the intent to threaten.

Id.(internal citations omitted). Thus, the Fourth Circuit concluded that defendant's Section 875(b) convictions were unaffected by the Elonis decision. Id. Similarly, the Eleventh Circuit has determined that "*Elonis* does not call for reversal of defendant's conviction for a violation of § 875(b)." United States v. White, 2016 WL 3553220, * 8 (11th Cir. June 30, 2016)("*Elonis* involved a violation of § 875(c), which does not require any mental state on a defendant's part, not § 875(b), which requires the mental state of an 'intent to extort.'"). The Eleventh Circuit explained that Section 875(b) "requires an 'intent to extort,' which means the Government must prove both the existence of the threat and the defendant's intention to extort something of value via the threats." Id. Based upon the foregoing, the undersigned concludes that Movant has not established a "new right" concerning his convictions under 18 U.S.C. §§ 875(b) and 876(b). See White, 810 F.3d at 222-25(rejecting defendant's *Elonis* challenge to his Section 875(b) conviction); White, 2016 WL 3553220 at * 8("Contrary to Defendants' contentions, *Elonis* does

not call for reversal of Defendant's conviction for a violation of § 875(b)."); United States v. Kirsch, 151 F.Supp.3d 311, 318 (W.D.N.Y. December 16, 2015)(*Elonis* is a case of statutory construction, and as such, is limited to 18 U.S.C. § 875(c). No case reported thus far extends *Elonis's* holding beyond § 875(c)."); and United States v. Godwin-Painter, 2015 WL 5838501 (S.D.Ga. Oct. 6, 2015)(finding that *Elonis* was inapplicable where defendant was convicted under Section 875(d), which required a specific intent to extort). The undersigned, therefore, finds that Section 2255(f)(3) is inapplicable as Movant has not established a right newly recognized by the Supreme Court that is retroactively applicable on collateral review. Based on the foregoing, the undersigned finds that Movant's Section 2255 Motion is clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the

defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Furthermore, Movant is not entitled to equitable tolling based upon his claim that only unfavorable precedent existed prior to Elonis. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. Dec. 19, 2014)("The standard

announced in *Holland* . . . focuses not on whether unfavorable precedent would have rendered a timely claim futile, but on whether a factor beyond the defendant's control prevented him from filing within the limitations period at all."). Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

> **B.    Actual Innocence.**

"Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the AEDPA statute of limitations." <u>McQuiggin v. Perkins</u>, ___ U.S. ___, 133 S.Ct. 1924, 1926, 185 L.Ed.2d 1019 (2013). A prisoner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" <u>House v. Bell</u>, 547 U.S.518, 536-37, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006)(quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). An actual innocence claim "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324, 115 S.Ct. at 865; <u>also see</u> <u>McQuiggin</u>, 133 S.Ct. at 1936(finding that the *Schlup* standard is demanding and requires strong evidence of actual innocence). In the instant case, Movant has not presented any new and reliable evidence of his actual innocence. Movant appears to argue that he is actually innocent based upon <u>Elonis</u>. As stated above, <u>Elonis</u> is

inapplicable to Movant's underlying convictions and does not establish his actual innocence. Accordingly, Movant's claim based upon <u>McQuiggin</u> is without merit.

**2.**    **<u>Section 2241</u>:**

In the alternative, Movant requests relief pursuant to 28 U.S.C. § 2241. (Document No. 130, pp. 15 - 16.) In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Rose v. Hodges</u>, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. <u>See</u> <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). <u>See</u> <u>Thomas v. Crosby</u>, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241.

Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Movant's claims are ones properly considered under Section 2255, not Section 2241. Movant is clearly challenging the validity of his sentence and conviction as imposed by this Court. To the extent Movant is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354,

357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Movant has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned finds that Movant's challenge to the validity of his conviction based upon Elonis does not meet the requirements of the saving clause. Movant appears to allege that Elonis establishes his actual innocence. Movant's reliance on Elonis, however, is misplaced. As explained above, Elonis is inapplicable to Movant's underlying convictions. The undersigned, therefore, finds that Movant cannot establish that the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal. Furthermore, there is no indication that any court has determined that Elonis is retroactive for purposes of collateral review. Finally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Movant has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. Accordingly, to the extent Movant requests relief pursuant to Section 2241, Movant request should be denied.

17

3.    **Writ of *Audita Querela*:**

In the alternative, Movant also requests relief pursuant to a Writ of *Audita Querela*. (Document No. 130, pp. 16 - 18.) Writs of *audita querela* are available when there is a legal objection to a conviction which has arisen after sentencing for which there is no other remedy. United States v. Hairston, 2009 WL 891929, * 2 (N.D.W.Va. March 30, 2009)(quoting United States v. LaPlante, 57 F.3d 252, 253 (2nd Cir. 1995)). Writs of *audita querela*, however, may be issued "only to the extent that they 'fill the gaps' in the current system of federal post-conviction relief." Hairston, 2009 WL 891929 at 2(quoting Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997)). The Fourth Circuit recently explained as follows:

> A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255. *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992)(explaining that audita querela may not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under § 2255). That fact that [petitioner] cannot proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001)("We agree with our sister circuits . . . that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255.").

In re Moore, 487 Fed.Appx. 109 (4th Cir. 2012).

The undersigned finds that Movant is not entitled to relief pursuant to a writ of *audita querela*. To the extent Movant contends that his actual innocence based upon the Supreme Court's decision in Elonis results in a "gap" allowing relief pursuant to a writ of *audita querela*, the undersigned will briefly consider the claim. For the reasons stated above, the undersigned again finds that the Supreme Court's decision in Elonis does not establish Movant's actual innocence of his underlying convictions. Movant, however, contends that he is entitled to seek

relief pursuant to a writ of *audita querela* if his Section 2255 Motion is unsuccessful. Movant's foregoing claim, however, is without merit. See Jones v. United States, 2011 WL 740734 (S.D.W.Va. Feb. 23, 2011)(J. Johnston)("[S]imply because a petitioner would be unsuccessful on the merits of his § 2255 petition does not render § 2255 an inadequate vehicle for presenting the claims to a court on collateral review.") In the instant case, there is no "gap" that would need to be filled by the granting of a writ of *audita querela*. See Walton v. United States, 2014 WL 2515129, * 3 (N.D.W.Va. June 4, 2014)(finding that petitioner was not entitled to relief pursuant to a writ of *audita querela* based upon *Alleyne* because there is no "gap" that would need to be filled). As explained above, Movant's Section 2255 Motion is time-barred. It is well recognized, however, that the fact that a Section 2255 is time-barred does not create a "gap" in the post-conviction relief that can be filled by a petition for writ of *audita querela*. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080(9th Cir. 2001)("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs."), *cited with approval in* In re Watkins, 2007 WL 1041035 (4ᵗʰ Cir. 2007); Little v. United States, 2016 WL 5402764 (S.D.W.Va. Sep. 27, 2016)(J. Johnston)(A remedy under Section 2255 is not rendered unavailable "if a § 2255 petition would be barred as untimely"); Broaddus v. United States, 2013 WL 6385302, * 5 (W.D.N.C. Dec. 6, 2013)(finding "the fact that a § 2255 motion is time-barred does not create a 'gap' that warrants extraordinary relief under the writ of *audita querela*"); Arevalo v. United States, 2009 WL 4015322 (D.Md. Nov. 18, 2009)("[T]he fact that a § 2255 Motion is time-barred does not create a 'gap' to warrant extraordinary relief afforded under Audita Querela."); Brown v. United States, 2007 WL 4723378 (D.S.C. Nov. 2, 2007)(writ of

*audita querela* not available to circumvent restrictions of 28 U.S.C. § 2255); also see In re Moore, 487 Fed.Appx. 109 (4th Cir. 2012)("The fact that [petitioner] cannot proceed under § 2255 unless he obtains authorization from this court to file a successive motion does not alter this conclusion"); United States v. Sessoms, 488 Fed.Appx. 737 (4th Cir. 2012)(finding that a writ of *aduita querela* is not available to a petitioner even though a petitioner may not proceed under Section 2255 unless he obtains authorization from the Fourth Circuit to file a successive motion)(citing Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007)). Based upon the foregoing, the undersigned respectfully recommends that Movant's request for relief pursuant to a Writ of *Audita Querela* be denied.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Application to Proceed Without Prepayment of Fees or Costs (Document Nos. 105-8 and 116), **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document Nos. 105-1 and 109), **DENY** Movant's Motions to Invalidate Plea Agreement (Document Nos. 120 and 128), **DENY** Movant's Motion for Summary Judgment (Document No. 122), and **REMOVE** this matter from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: October 19, 2016.

Omar J. Aboulhosn
United States Magistrate Judge

21